**ELEANOR SAMUELS, Appellant**

v.

**GOVT. EMPLOYEES SERVICE COMMISSION AND ATHNIEL C. OTTLEY, LIEUT. GOV., Appellee**

No. 74-86

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 16, 1976

HODGE, SHEEN & FINCH, ESQS., (DEREK M. HODGE of counsel), Christiansted, St. Croix, V.I., *for appellant*

DANIEL C. LEARNED, ESQ., Assistant Attorney General, St. Thomas, V.I., *for appellee*

YOUNG, *Judge*

MEMORANDUM OPINION AND ORDER ATTACHED

Appellant, Eleanor Samuels, a former Collection Agent Supervisor within the Department of Law, received a letter from the then Acting Governor, Athniel C. Ottley on November 30, 1973 advising her of her immediate suspension from that position, which letter incorporated by reference an audit report of the Child Support Fund containing serious charges against the appellant. Samuels appealed her suspension to the Government Employees Service Commission (hereinafter "G.E.S.C.") which, after holding a hearing on January 10, 1974, issued an opinion and order dated January 23, 1974 in which it upheld the decision of the acting governor to suspend Samuels indefinitely. Samuels petitioned this Court to issue a writ of review of the G.E.S.C. order. Upon the Government's failure to respond to the petition the writ did issue. The parties have agreed to have the appeal decided upon their written briefs, a brief having been filed by the Government, and the appellant choosing to rely on the original memorandum which was filed in support of her petition for a writ of review.

Appellant assigns as error three alleged defects in the procedure by which she was suspended. She contends that the Government failed to furnish her with a written statement of the charges against her in violation of 3 V.I.C. § 530(a) and her constitutional right to due process. She further alleges that the Government's failure to provide a hearing prior to her suspension is violative of due process and of the same Virgin Islands statute. Finally, Samuels

raises the point that the Government failed to meet its burden of proof at the G.E.S.C. hearing. I shall address each of these contentions individually and in the process I hope to convey my interpretation of the contemplated statutory scheme for the dismissal and suspension of Government employees.

██ The envisioned procedure is set forth in 3 V.I.C. § 530. That section expressly pertains to "any case where a department head decides to dismiss, demote, or suspend a regular employee. . .". As a preliminary issue, there was some question in this case whether the requirements of Section 530 were applicable since the suspension was done by the Acting Governor rather than by Samuels' department head. The Government argued for dismissal of the case on the ground of lack of jurisdiction since the suspension was not carried out by a department head. I would agree with the G.E.S.C.'s conclusion that it had jurisdiction (Transcript at 15) since government employees should have this protection regardless of who takes the action.

Addressing appellant's first contention, it is clear that she is entitled to a written statement of the charges against her. Section 530(a) expressly provides for this notice whenever a department head decides to dismiss or suspend a government employee. Since this right is statutorily granted, I need not decide appellant's argument that due process requirements are implicated in the failure to give notice.

As to Samuels' contention that the notice in this case was deficient, I must agree with the Government on both of the arguments made by it. On November 30, 1973, the appellant received a letter from Acting Governor Athniel Ottley ordering her suspension. That letter stated that appellant was discharged by virtue of the allegations contained in Audit Report No. AD-03-73, the audit of the

Child Support Fund. The allegations contained in the audit report are a list of serious charges against the appellant. While the better practice might have been to specify those allegations in the letter or, at least, to include a copy of the audit report, the purpose of the notice requirement was served and the notice was not made fatally deficient merely because the Acting Governor chose to incorporate the allegations by reference.

■ Moreover, the appellant should be estopped from asserting this alleged failure to be notified of the charges by her own failure to raise the alleged inadequacies at the G.E.S.C. hearing.

Appellant's second point, that she is statutorily and constitutionally entitled to a hearing prior to her suspension, is a question about which our statute is not perfectly lucid. Section 530(a) reads in part, "The employee shall have ten days following the date of receipt of said statement of the charges to appeal the proposed action to the Government Employees Service Commission". As I interpret the role of the department head who recommends suspension or dismissal, it is akin to that of a grand jury in the indictment process or a prosecutor preparing an information. The department head, based upon a preliminary determination of probable cause, states the charges against the employee. The so-called "appeal" to the G.E.S.C. represents the original trial on the merits. There is a distinction from the criminal process in that if an employee fails to assert his right to appeal the proposed action, the action recommended by the department head will be taken.

Fortunately, the problem is eliminated by the Government's concession in its brief that by virtue of a memorandum of the Virgin Islands Attorney General to all department heads dated October 29, 1973, the Government itself construes 3 V.I.C. § 530 as requiring a hearing prior to suspension or discharge. This, again, excuses me from ad-

dressing the more difficult issue of whether the failure to provide a hearing prior to suspension is violative of due process.

The Government additionally concedes that it failed to satisfy its hearing requirement in this case. The Acting Governor did not have the authority to immediately suspend Samuels. He could merely recommend that such action be taken, and if she failed to appeal the proposed action, or if she appealed and grounds for suspension were established at the hearing, then the recommendation would be followed.

██ There is precedent that where the dismissal of an employee is in violation of her procedural rights, she is entitled to reinstatement in the position from which she had been illegally removed and to her salary from the date of her illegal dismissal. Felix v. Government of the Virgin Islands, 3 V.I. 399, 167 F.Supp. 702 (D.V.I. 1958). I do not think that reinstatement is an appropriate remedy in this case. As will become apparent from my discussion of the "burden of proof" issue, Samuels chose not to raise the question of the merits of her case before the Commission. Thus, the sole defect in the process through which she was suspended was that she was not permitted to work even prior to the G.E.S.C. hearing. Once a proper hearing was held, the effect of the alleged irregularity was corrected. Therefore, back-pay for the period from November 30, 1973 until the January 23, 1974 decision of the G.E.S.C. is the sole and appropriate remedy. See Williams v. Brown, 384 F.2d 981, 985 (D.C. Cir. 1967).

██ The appellant's final argument is that the hearing itself was fatally defective since the Government failed to introduce any evidence as to wrong doing on Samuels' part. The Government has the burden at a G.E.S.C. hearing of establishing reasonable grounds for a proposed suspension or dismissal. Moreover, despite language in Sec-

tion 530 that the decision of the G.E.S.C. is final, when read in conjunction with 5 V.I.C. § 1421 et seq. it is clear that the decision of the Commission may be reviewed by the District Court. See 5 V.I.C. § 1421 et seq.; 5 V.I.C. App. V., R11; Donastorg v. Government Employees' Service Commission, 6 V.I. 368, 285 F.Supp. 111 (D.V.I. 1968). When reviewing the factual determinations of the G.E.S.C. the Court will apply the substantial evidence standard. See Donastorg v. Government Employees' Service Commission, supra; 2 Am.Jur.2d, Administrative Law, § 621; 5 U.S.C. § 1009(e) (Administrative Procedure Act).

■ While the G.E.S.C. may have acted unwisely in regard to the burden of proof issue, I must express my surprise that appellant would raise this issue on this appeal. At the G.E.S.C. hearing the Government made repeated efforts to proceed on the merits, to produce evidence to establish the reasonableness of the suspension. Witnesses stood ready to testify. The Commission repeatedly denied these attempts to proceed, insisting that the only issues presented to it by the appeal were whether the G.E.S.C. had jurisdiction of the case and whether the suspension was procedurally valid. The appellant concurred in this denial. During the hearing (Transcript at 25) counsel for the appellant expressly stated that the substance of the appeal went only to the legality of the procedures used and not to the merits of the case.

Appellant cannot now in good faith come before this Court and question the failure of the Government to produce evidence relating to the charges at G.E.S.C. hearing. As far as the merits are concerned, this case is no different than the situation where a department head recommends suspension and no appeal is taken at all. By choosing not to question the merits of the suspension before the G.E.S.C., appellant waives any opportunity to do so here. Any other rule would permit the party to establish its own error.

I do not condone the procedure followed by the G.E.S.C. here. Even if Samuels chose not to raise the merits of the suspension before it, the Commissioner should have permitted the Government to put on its evidence, to clear the record from any doubt. The statute gives the Government, as well as the employee, the right to be heard, to call witnesses, and to be represented by counsel. If only to eliminate any question as to the merits on appeals from the Commission's decisions, the G.E.S.C. should permit the Government to put on its case.

The transcript of the G.E.S.C. hearing does indicate that although the Commission was not hearing the case on its merits, if it were, it considered the audit report which it had in its possession as sufficient evidence to warrant the suspension of the employee. Had the merits of the suspension been raised by the appellant, this alone would not satisfy the hearing requirement. The appellant is not prejudiced, however, since she chose not to question the merits of her suspension at all.