**LOUISE MILLER, Petitioner-Appellant**

**v.**

**DR. ROY SCHNEIDER, COMMISSIONER OF DEPARTMENT OF HEALTH, GOVERNMENT OF THE VIRGIN ISLANDS, EMPLOYEES SERVICE COMMISSION,**
**Respondents-Appellees**

Civil No. 78-315

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 29, 1979

CHARLOTTE L. POOLE DAVIS, ESQ., St. Thomas, V.I., *for petitioner*

STEDMANN HODGE, ESQ., Assistant Attorney General, St. Thomas, V.I., *for respondent*

CHRISTIAN, *Chief Judge*

### OPINION

This is an appeal from the September 28, 1978, decision by the Government Employees Service Commission (GESC) affirming the termination of Louise Miller's (petitioner) employment as a nurse-midwife at Knud-Hansen Memorial

Hospital. Petitioner asserts that the GESC's decision should be overturned on procedural and substantive grounds. We believe there was substantial evidence, sufficient to uphold the GESC's decision. However, we will reverse the decision due to GESC's failure to comply with the specified time limitations imposed by 3 V.I.C. § 530(b).

The procedural history of this case is as follows: Dr. Roy Schneider, Commissioner of Health, requested the dismissal of petitioner on April 11, 1978. On April 21, 1978, petitioner's counsel was notified that a hearing by the GESC would be held on May 10, 1978. Petitioner's counsel requested a continuance through the month of May. The hearing was rescheduled for June 5, 1978, continued again, and rescheduled for June 15, 1978. The hearing commenced on June 15, 1978, and ended on August 15, 1978. The decision of the GESC was handed down on September 28, 1978.

The GESC violated the time limitations set forth in 3 V.I.C. § 530(b). The time frame "was exceeded in the interest of affording Appellant [petitioner] a proper and full hearing and due process". Miller v. Schneider, Decision of the GESC, September 28, 1978. This Court is asked to determine whether strict compliance with the time periods specified by 3 V.I.C. § 530(b) is necessary even if there was a reasonable basis for the GESC's delay.

■ In addressing this question, we turn to the language of 3 V.I.C. § 530(b), necessarily our starting point. Ernst & Ernst v. Hochfelder, 425 U.S. 185, 197 (1976); Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 756 (Powell, J., concurring). Title 3 V.I.C. § 530(b) provides

.(b) The Government Employees Service Commission shall meet within 30 days after the filing of the appeal and afford the department head and the employee an opportunity to be heard. The department head and the employee shall be entitled to call witnesses and to be represented by counsel. The hearing, including

continuances thereof, shall in no event extend beyond 60 days. The Commission shall render its decision within 14 days after termination of the hearing. The Commission's decision shall be final. In the event the Commission fails to meet or render its decision within the time or in the manner prescribed herein, the employee shall be reinstated, with full pay, to the date of his original dismissal or suspension.

The plain meaning of the statutory language makes clear that the GESC is mandated to meet within the specified time periods without allowance for discretion or delay. When the word "shall" is used in a statute, it carries the presumption that the action required is imperative rather than directory. 2a Sands § 5703 at 416 (4th Ed. 1973). Yet, there is no universal rule by which the language of the statute, itself, may in all circumstances determine the use of a word. Id.

██ The legislative history, the purpose, and the context of a statute are all aids in statutory construction which may indicate the proper scope of the law. United States v. Cooper Corp., 312 U.S. 600, 605 (1941). The purpose of 3 V.I.C. § 530(b) was to correct the long delay between an employee's recommended dismissal and the GESC's decision on appeal.[1] The Legislature enacted specific time limitations within which the GESC could act. The language of the statute is so specific as to include delays due to continuances.[2] To insure the Commission's compliance with the Act, the provision calling for the employee's reinstatement was added.[3]

---

[1] Indeed, the legislative history of 3 V.I.C. § 530(b) makes this point manifest. During discussion of the then proposed bill, Senator Moorhead, Jr., said, "[T]his bill addresses itself with what has become a most disgraceful situation where an appeal drags on for months and literally for years." Transcript of Hearing on Bill No. 5708, The Legislature of the Virgin Islands, March 14, 1973.

[2] Title 3 V.I.C. § 530(b) specifies in part that "[t]he hearing, including continuances thereof, shall in no event extend beyond 60 days".

[3] Senator Bryant: There is another provision in there that provides for appeal to the courts within ten days of the Commission's final order, but I don't think it goes far enough in one sense. . . . Would you consent—let me

■ The GESC took more than the prescribed time to decide petitioner's appeal. The Commission did not meet within 30 days after the appeal was filed. Though the delay was at the request of the petitioner, § 530(b) was still violated. The legislation is exact and allows no leeway. On August 15, 1978, the GESC concluded its final hearing. However, an opinion was not issued until September 28, 1978. This exceeded the statute's 14-day limitation. Although we are persuaded that there was solid grounds for petitioner's dismissal and that there was substantial evidence to support such action, we must direct her reinstatement due to procedural irregularities.

Normally we would reverse and remand to the GESC with direction that an order be entered in accordance with our opinion. In this case, however, because too much time has been already lost and to expedite the return of the petitioner to her duty status, we will enter a judgment so decreeing.

ask you this, stating in the event that they do not render a decision or do not meet within the required period that the employee would be reinstated with full pay automatically. (All consented.) See n.1, supra.