**OLGA REEFER, Petitioner/Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS,**

**Respondent/Appellee**

Civil No. 79/58

District Court of the Virgin Islands

Div. of St. Croix

April 7, 1980

Edward J. Ocean, Esq., Christiansted, St. Croix, V.I., *for petitioner/ appellant*

William Murray, Esq., Assistant Attorney General (Department of Law), Charlotte Amalie, St. Thomas, V.I., *for respondent/appellee*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION WITH JUDGMENT ATTACHED

This matter is before this Court upon a writ of review of the decision of the Government Employees Service Commission (G.E.S.C.) terminating petitioner's employment with the Department of Public Safety.

### I.

Olga Reefer was actively employed by the Department of Public Safety as a police sergeant. Sergeant Reefer worked from 1965 until 1977 when she became disabled in a job-related incident. Petitioner was on disability leave with pay until July of 1978 when she was notified that her name was being removed from the payroll due to an alleged infraction of department regulations. The propriety of that action is not directly in issue here since petitioner did not appeal that action to the Government Employees Service Commission within the time limits of 3 V.I.C. sec. 530(a).

Sergeant Reefer remained off the job until October of 1978 when a physician certified that her disability had ceased and she was fit for duty. Accordingly, she reported for duty on October 20, 1978. Petitioner was asked to sign a Notice of Personnel Action (NOPA) so that her name could be replaced on the payroll. Sergeant Reefer refused to sign the document which bore the notation "leave without pay", although petitioner alleged that the notation was "absent without leave." Sergeant Reefer asserted that she was not "absent without leave." Petitioner resisted all efforts to obtain her signature on the NOPA, including those of Commissioner of Public Safety, Charles Groneveldt.

Finally, by letter dated November 29, 1978, Commissioner Groneveldt informed Sergeant Reefer that she was being dismissed, effective December 1, 1978, due to her refusal to sign the NOPA. On December 4, 1978, petitioner filed her appeal with the G.E.S.C. By letter dated December 13, 1978, the hearing of the appeal was scheduled for January 4, 1979. By letter dated December 14, 1978, the hearing was rescheduled for January 11, 1979. Due to various continuances the hearing was finally completed on February 2,

375

1979. On February 16, 1979, the Commission rendered its decision upholding the dismissal of petitioner.

Three issues are presented for review:

(1) Whether the Commissioner of Public Safety terminated petitioner in violation of 3 V.I.C. sec. 530(a) and whether the G.E.S.C. erred in upholding that termination.

(2) Whether the G.E.S.C. complied with the time limits of 3 V.I.C. sec. 530(b) which require that it meet within thirty (30) days after an appeal is filed.

(3) Whether there was sufficient evidence before the G.E.S.C. to support its action upholding the termination of petitioner.

## II.

■ The Commissioner of Public Safety clearly terminated petitioner in violation of 3 V.I.C. sec. 530(a). The Government, in its brief, attempts to argue that the petitioner was not actually terminated by the Commissioner's action. However, the facts that she was not allowed to work and that she was not paid after December 1, 1978, establish that she was, in fact, terminated.

■ In Gunthrope v. G.E.S.C., 11 V.I. 103 (1975) it was held that the Commissioner of a department has only the power to propose a dismissal. The actual power to dismiss rests only with the Government Employees Service Commission. Samuels v. G.E.S.C., 12 V.I. 581 (1976).

In the matter sub judice the Government concedes that lack of power on the part of the Commissioner to unilaterally terminate an employee. However, they assert that the remedy for dismissal prior to final action by the G.E.S.C. is back pay from the date of the purported dismissal to the date of the decision of the G.E.S.C. finalizing the proposed dismissal.

This Court agrees with that interpretation of the statute and the appropriate remedy. The propriety of such a limited remedy was set forth in the Samuels case. Indeed, any other remedy would be unduly burdensome on one of the parties. An award of back pay for the period preceding the final action of the G.E.S.C. fully vindicates petitioner's right to continued employment prior to such final action. Therefore, at a minimum, petitioner is entitled to an award of back pay for the period of time between December 1, 1978, and February 16, 1979.

376

## III.

■ However, because the G.E.S.C. failed to comply with the time limits set forth in 3 V.I.C. sec. 530(b), that right to back pay will be subsumed in the statutory remedy provided for a violation of sec. 530(b).

Title 3 V.I.C. sec. 530(b) provides in part:

> The Government Employees Service Commission shall meet within thirty (30) days after the filing of the appeal and afford the department head and the employee an opportunity to be heard. . . .

The Government argues that the G.E.S.C. hearings open on the day they are scheduled and that the thirty-day requirement is satisfied if members of the Commission meet within thirty days and do no more than schedule a later meeting, whether or not either party to the dispute meets with the Commission. The Government goes on the assertion that the statute does not require that the parties be given an opportunity to be heard within thirty days, but merely that they be given notice of the opportunity to be heard within thirty days.

■ Those contentions are ludicrous and ignore the plain language and obvious legislative intent of the statute. It defies all credulity to assert that the thirty-day time limit could be satisfied by the mere artifice of scheduling a meeting within the thirty-day period, and later rescheduling it beyond the thirty-day period. The Government understandably cites no authority in support of its interpretation of the statute. No authority could be found for such a skewed interpretation. The statute clearly requires that the G.E.S.C. meet within thirty days of the appeal and within the same thirty days provide the department head and the employee an opportunity to be heard.

■ The Government, apparently in tacit recognition of the weakness of that position, argues that the thirty-day requirement was met in this case by virtue of the January 11, 1979, meeting. This argument seems to hinge upon the unsupported proposition that holidays which fall between the date of the appeal and the date of the hearing should not be counted. Why the Government did not also argue for the exclusion of intervening weekends is beyond the comprehension of this Court. Assuming for the moment that the argument has some merit, which it clearly does not, the record before this Court does not reflect the existence of a sufficient

number of holidays to bring the G.E.S.C.'s action within the thirty-day time limit.

■ This Court accepts the proposition that if the final day of a statutory time period falls on a Saturday, Sunday or legal holiday, that day(s) should be excluded from the computation of the time period. The time period would then lapse on the next day which is neither a Saturday, Sunday or legal holiday. F.R. Civ. Pro. 6. Any extension of this rule is totally unwarranted.

There is a suggestion in the record that January 3, 4, and 5 of 1979 *may* have been legal holidays. Assuming this is true, January 6 and 7 being the weekend, the last day on which the G.E.S.C. hearing could properly have been held would be January 8, 1979. However, the meeting was not held until January 11, 1979. While the timing was close, it was unquestionably beyond the limits which the Legislature set forth by statute.

The remedy for a violation of sec. 530(b) is equally clear. 3 V.I.C. sec. 530(b) provides in part:

> In the event the Commission fails to meet or render its decision within the time and in the manner prescribed herein, the employee shall be reinstated, with full pay, to the date of his original dismissal or suspension.

■ The remedy is mandatory and the Legislature has provided no room for flexibility. The employee, Sergeant Reefer, must be reinstated with full pay from December 1, 1978, the day of her dismissal. Louise Miller v. Dr. Roy Schneider, 16 V.I. 422 (D.C.V.I. 1979).

## JUDGMENT

This matter came on before the Court on a Writ of Review of the decision of the Government Employees Service Commission. The Court having entered its opinion on this writ and being fully advised in the premises, it is hereby

ORDERED that the decision of the Government Employees Service Commission is vacated and this cause is remanded to the Commission with directions that petitioner be reinstated forthwith and awarded back pay from December 1, 1978, until such time as she is reinstated.