**RONALD A. BROW, Plaintiff**

v.

**GEORGE FARRELLY, DEPARTMENT OF PUBLIC SAFETY & GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 774/1986

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

April 21, 1987

RENEE DOWLING, ESQ., St. Croix, V.I., *for plaintiff*

ROSALIE SIMMONDS-BALLANTINE, Assistant Attorney General, St. Thomas, U.S.V.I., *for defendants*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter came before the Court on a petition for Writ of Review from a decision of the Government Employees Service Commission (hereinafter "G.E.S.C." or "commission") upholding a recommendation of suspension of the petitioner, Ronald Brow.[1] The respondents have moved for summary judgment. For the reasons which follow, the motion will be granted.

Before proceeding, a word must be said concerning this Court's decision to dispose of this matter in the absence of further oral argument. The docket in this case discloses a continuing disagreement as to the manner of presentation of the case between petitioner and his counsel. This disagreement continued until January 23, 1987, at which time petitioner's then counsel of record sought and was granted leave to withdraw. At that time, in open Court and on the record, petitioner was advised by the Court that he would be granted ten (10) business days within which to retain new counsel and to notify the Court of same, in default of which he, petitioner, would be deemed to have elected to proceed pro se.[2]

On February 4, 1987, petitioner advised the Court that he was seeking counsel but had not been able to retain the services of one.

---

[1] The Court does not have in its file the written decision of the G.E.S.C., however, the parties in their Memoranda concede that the G.E.S.C. did in fact sustain the recommendation of suspension and did issue a written decision.

[2] On that same date, the Court set the matter down for disposition of the pending summary judgment motion on March 16, 1987.

Nearly two months later, on April 2, 1987, a new notice of appearance was filed on behalf of petitioner. This, however, changes nothing. Petitioner's new counsel has not submitted anything to this Court that would indicate a change in petitioner's position. It is extremely doubtful that counsel could add anything that would alter the outcome of this case given the record before the Court. Thus, the Court proceeds.

■ On March 25, 1986, petitioner was served with a letter signed by respondent, George Farrelly, which purported to suspend the petitioner for 30 days. The following day, petitioner served notice of appeal. On May 15, 1986, the petitioner was served with another letter signed by respondent which rescinded the suspension imposed in the initial suspension letter dated March 25, 1986.[3] In the same letter which rescinded the suspension, respondent informed petitioner that he was recommending that the petitioner be suspended.[4] Once again, a notice of appeal was filed on May 23, 1986. The G.E.S.C. thereafter conducted a hearing, which included several continuances, and rendered a decision which was served on the petitioner on July 8, 1986.

■ Pursuant to Rule 56 of the Fed. Rules of Civ. Pro., summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The nonmoving party must be able to show a factual

---

[3] The regulations of the G.E.S.C. give the respondent authority to dismiss the charges against the petitioner without prejudice. Regulation § 530-7 provides:
§ 530-7. Voluntary and involuntary dismissals
(a) At any time prior to the swearing of the first witness, the Appellant, or in the case of hearings brought under section 530, the department head, may dismiss the action without prejudice, subject, however, to the possibility of assessment of costs to the opposing party. A party may dismiss once as a matter of course and all subsequent dismissals may only be obtained with leave of the G.E.S.C.
(b) If at the time an employee files a notice to appeal a proposed disciplinary action initiated by a department head, the G.E.S.C. cannot for some reason maintain a quorum for the pendency of such appeal, the disciplinary action will be dismissed without prejudice.
(c) Unless otherwise stated, all dismissals not within the meaning of subsection (a) or (b) shall be with prejudice except that dismissals for failure to adhere strictly to the notice requirements shall be without prejudice to the reinstitution of the matter.

[4] The Commissioner of Public Safety does not have the authority to suspend an employee, but he may recommend that the employee be suspended. 3 V.I.C. § 530(a); Reefer v. Government of the Virgin Islands, 17 V.I. 373, 376 (D.V.I. 1980).

dispute warranting a trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552–53 (1986). The Court has considered all the pleadings on file and the entire record of the proceedings before the G.E.S.C., including the exhibits that were admitted below and now concludes that no factual material issue is in dispute. The matter is, therefore, ripe for disposition.

Petitioner asserted during the administrative proceedings and continues to assert that the G.E.S.C. was without jurisdiction to conduct the hearing of the charges against him. According to petitioner, when the suspension letter was served upon him on March 25, 1986, and he subsequently gave notice of appeal the following day, the G.E.S.C. had 30 days within which it was required to meet to conduct a hearing on the dispute. See 3 V.I.C. § 530(b) (Cum. Supp. 1985).

The G.E.S.C., however, concluded that the charges in the suspension letter dated March 25, 1986, which suspension was later rescinded, were not before the commission but that the recommendation of suspension contained in the letter dated May 15, 1986, and which was appealed on May 23, 1986, was properly before the commission. Because petitioner was reinstated with respect to the suspension period recited in the March 25, 1986, suspension letter, the G.E.S.C. made a determination that it had jurisdiction over the May 15, 1986, recommendation of suspension letter and the May 23, 1986, appeal therefrom and proceeded to dispose of the matter. In fact, the G.E.S.C. issued its own order directing that the petitioner be reinstated.

This Court agrees with the conclusion reached by the G.E.S.C. Whether petitioner received the relief of reinstatement to which he was entitled from respondent, George Farrelly, or from the G.E.S.C., is of no consequence. Since the petitioner has already received the relief to which he is entitled, he cannot be heard to complain.

Petitioner also argues that the regulations of the G.E.S.C. are invalid because they are inconsistent with 3 V.I.C. § 530, a duly legislated enactment. This argument is clearly without merit and is, therefore, summarily rejected without discussion.

Since the G.E.S.C. properly assumed jurisdiction to hear the charges filed against the petitioner, this Court need only determine whether there is substantial evidence in the record to support the decision of the G.E.S.C. to sustain the recommendation of suspension. Donastorg v. Gov't Employees Service Commission, 285

F. Supp. III, 6 V.I. 368 (D.V.I. 1968). The Court concludes that the decision of the G.E.S.C. sustaining the recommendation of suspension is supported by substantial evidence and the petition for the Writ of Review should therefor be dismissed.[5]

## ORDER

The Court having filed its Memorandum Opinion of even date herewith and being satisfied in the premises, it is

ORDERED that the petition for a Writ of Review of the decision of the Government Employees Service Commission, be and the same is hereby DISMISSED.

---

[5] A writing that purports to be a motion to amend the petition has been filed by the petitioner over his signature, notwithstanding the appearance of counsel on his behalf. This motion is clearly redundant and lacking in merit and is summarily denied.