**AILEEN ROSS, Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS—Division of Personnel and PUBLIC EMPLOYEES RETIREMENT BOARD, Respondents**

Civ. No. 334/95

Territorial Court of the Virgin Islands

Div. of St. Croix

June 5, 1996

Selwyn S. C. Walters, Esq., St. Thomas, U.S.V.I., *for Plaintiff*

Claude Earl Walker, Asst. Attorney General, V.I. Department of Justice, St. Thomas, U.S.V.I., *for Defendant Government*

Lorin M. Kleeger, Esq., St. Croix, U.S.V.I., *for Defendant PERB*

ANDREWS, *Judge*

## MEMORANDUM OPINION and ORDER

Introduction

This matter appears before the Court on a writ of review of a decision, by respondent Public Employees Relations Board (The Board), dismissing petitioner Aileen Ross' (Ross) appeal of her termination from employment. The issues presented are:

(1) Whether The Board failed to act within its statutory authority by not meeting or rendering its decision within the prescribed time limits?;

2) Whether The Board exceeded its statutory authority by upholding Ross' dismissal "as a regular employee": (a) by the Governor, and (b) without notice and opportunity for a hearing?; and

3) Whether The Board acted arbitrarily and capriciously by concluding that good cause existed for Ross' dismissal?

For the reasons mentioned below, this Court concludes that The Board exceeded its statutory authority and acted arbitrarily and capriciously.

On September 10, 1990 Ross commenced employment in St. Croix with Respondents. Specifically, she worked with the Government Employees Service Commission (GESC) as Coordinator, GESC Activities, at a salary of Twenty-Five Thousand Dollars ($25,000.00) per annum.[2] Her Notification of Personnel Action (NOPA) listed her classification as "Exempt Service". By memorandum dated January 24, 1991, Ross accepted a new position of Special Assistant for GESC at an increased salary of $30,000.00 per annum. She also elected, via memorandum, to be placed in the "Exempt Service" of the Government of the Virgin Islands. The memorandum was executed at the request of the Director of Personnel. Ross' new NOPA, effective January 24, 1991, listed her position as Coordinator, GESC Activities (as before), in the "exempt service".

The GESC functioned as a Hearing Board for appeals by non unionized government employees and as the Health Insurance Board of Trustees. As GESC Coordinator, Ross' duties were primarily clerical. They were eighty percent (80%) insurance related and twenty percent (20%) GESC related. These duties did not change when Ross received the increase in pay to Thirty Thousand Dollars ($30,000.00). She filled out health insurance enrollment forms, typed identification cards, handled health insurance employee complaints, and maintained contact with the St. Thomas office. Her duties relative to health insurance were similar to those of insurance officers working in the St. Thomas office in the "classified service". She was not involved in formulating policy for GESC, nor did she have access to confidential information. Ross was not present during any of GESC's executive sessions. She reported to the Director and Assistant Director of Personnel, and to the Chief and Assistant Chief of Group Health Insurance.

In April, 1992, Ross was selected as employee of the month. Her rating for the one year period ending September 30, 1993 listed her

---

[1] These facts are derived from The Board's Decision and Order dated April 27, 1995. They are uncontested and supported by substantial evidence in the record. *Branch v. Bryan and GESC*, 18 V.I. 54, 56, (D.C.V.I. 1980).

[2] GESC is the predecessor to the Public Employees Relations Board. Thus, Petitioner was employed with the same Board who is a respondent in this matter.

as meeting or exceeding standards in all categories. She was also selected as employee of the year.

On November 16, 1993, Ross elected, pursuant to 3 V.I.C. § 498, to become a member of the "classified service". Such election was approved by the Director of Personnel on March 10, 1994. On May 27, 1994 a NOPA was issued confirming Ross' reclassification in accordance with 3 V.I.C. § 498. Her position was listed as "Special Assistant" at the same salary of Thirty Thousand Dollars ($30,000.00) per annum.

On February 16, 1995, Ross received a letter from the Governor of the Virgin Islands thanking her for her services and terminating her employment effective February 15, 1995. Ross was not furnished with a statement of charges, nor was she afforded the opportunity to appeal or be heard prior to her dismissal.

### Procedural History

On February 16, 1995 Ross filed an appeal of her dismissal with The Board. Hearings were held on March 20th, March 24th, April 6th, and April 18, 1995. On April 27, 1995, The Board issued its Decision and Order upholding Ross' dismissal. It decided that Ross was a "regular employee" in the "classified service" and that The Government had good cause to terminate her. Consequently it ordered the dismissal of her appeal. On May 17, 1995, Ross filed the instant petition seeking judicial review of The Board's April 27th Decision and Order.

### Legal Analysis

*1) Failure of Board to Meet and Decide Within Statutory Period*

Ross alleges that The Board's Decision and Order should be vacated since it failed to meet and render a decision within the statutory period. Petition for Writ of Review, Paragraph 12. Respondents oppose the allegation generally but fail to specifically respond to Ross' argument. The Board's Memo of Law in Support of Motion for Summary Judgment at 8; Government's Opposition to Writ at 4.

■ The Board concluded that Ross was a "regular classified employee" in the "classified service". The Board's Decision and

94

Order at 7 and 9. This decision is not challenged by any of the parties and the Court finds that it is supported by a rational basis. *Government v. PERB*, 22 V.I. 12, 23 (Terr. Ct. 1986). It follows then that Ross was entitled to appeal her dismissal, pursuant to 3 V.I.C. § 530(a), which she did, and was further entitled to have The Board "meet" and afford her an "opportunity to be heard" within 30 days after filing her appeal. 5 V.I.C. § 530(b). Although the statute permits continuances up to 60 days, The Board *must* meet at least initially within 30 days and afford the employee and the department head an opportunity to be heard. 5 V.I.C. 530(b); *Reefer v. Government*, 17 V.I. 373, 377 (D.C.V.I. 1980). Here, The Board met initially on March 20, 1995, thirty two (32) days after Ross' appeal was filed (i.e., on 2/16/95). Further, the final hearing was held on April 18, 1995, thus extending the continuances to sixty one (61) days after filing of the appeal. Accordingly, The Board violated the provisions of 5 V.I.C. § 530(b). Such violation requires mandatory reinstatement with full pay from the date of Ross' dismissal. 5 V.I.C. § 530(b); *Reefer*, 17 V.I. at 378.[3]

*2) Dismissal by Governor and Without Notice/Hearing*

Ross further alleges that, as a "regular employee", she could not be legally terminated without notice of the charges against her and an opportunity to be heard. Petitioner's Memorandum of Law at 14. She also asserts that The Board has the exclusive power to dismiss classified employees. Petitioner's Memorandum of Law at 15. Respondents have failed to address this issue.

■ ■ Section 530(a) of Title 3, Virgin Islands Code clearly requires that a department head deciding to terminate a regular employee "shall furnish the employee with a written statement of the charges against him". 3 V.I.C. § 530(a). This requirement provides the employee with an opportunity to prepare a defense and such notice must be given *prior to actual dismissal*. *Samuels v. Government Employees Service Commission*, 12 V.I. 581, 585 (D.C.V.I. 1976); *Perry v. Government Employees Service Commission*, 18 V.I. 524,

---

[3] This conclusion disposes of the case technically. A remand with orders to reinstate without addressing the substantive issues, however, would likely result in this matter reappearing before the Court for a decision on those issues. In the interest of judicial economy, this Court will address the substantive issues.

529 (D.C.V.I. 1981); See also *Richardson v. Felix*, 856 F.2d 505, 507 (3d Cir. 1988) (stating that employee with protected employment interest may be terminated only after notice and hearing). The statute thus provides extensive safeguards to a regular employee against arbitrary dismissal. *Schuster v. Thraen*, 18 V.I. 287, 295 (D.C.V.I. 1981). Pursuant to these statutory safeguards, a department head, or even the Governor, may only recommend the dismissal of a regular employee. *Samuels*, 12 V.I. at 586. The power to dismiss rests solely with The Board. *Reefer*, 17 V.I. at 376. Here, Ross was unilaterally dismissed by the Governor on February 16, 1995 without any statement of charges or hearing. In light of her status as a regular classified employee, she was not terminable at will, and her dismissal was in violation of Section 530.

*3) Good Cause for Dismissal*

■ Finally, Ross challenges The Board's conclusion that good cause existed for her termination. Petition for Writ of Review at 2. Respondents have not addressed this issue. It is well established that a regular employee can only be dismissed "for cause". 5 V.I.C. § 530(a); *Richardson*, 856 F.2d at 509. After deciding that Ross was a regular classified employee, The Board went on to conclude that she "was not treated as a classified employee". The Board's Decision and Order at 9. It stated that Ross was paid a salary higher than her St. Thomas counterparts, did not compete for the job, and that to allow her to continue in employment would be a violation of the "letter and spirit of the law". The Board's Decision and Order at 9 and 11. This Court is unaware of any authority which justifies the termination of an employee because of certain treatment received from the very employer who terminates her. Conspicuously absent from the record and The Board's Decision and Order is any allegation of fault or wrong doing on the part of Ross. The Board's decision is thus not supported by any rational basis.

■■ Further, even if there was good cause for which Ross could have been terminated, none was proffered by The Government at the hearing. The Government's sole contention at the hearing was that Ross was an "unclassified employee" and thus terminable at will. Transcript of April 18, 1995, at 1, 2, 6, 24-28. No where in the

record is there any hint by The Government that cause, much less good cause, existed for Ross' termination. To the contrary, The Board found that Ross received a good rating and was elected employee of the month and year. The Government bears the burden of establishing reasonable grounds for dismissal. *Samuels*, 12 V.I. at 586. The Board undertook to satisfy this burden itself by presuming a cause for dismissal not asserted by The Government. In so doing, The Board exceeded its statutory authority and acted arbitrarily and capriciously.

## Conclusion

For the foregoing reasons, this Court concludes that: 1) The Board exceeded its statutory authority by not initially meeting within the thirty (30) day time limit and finally within the sixty (60) day time limit prescribed by 3 V.I.C. § 530(a); 2) The Board exceeded its authority by upholding Ross' dismissal "as a regular employee" by the Governor, without statutory notice and opportunity for a hearing; and 3) The Board acted irrationally by concluding that good cause existed for Ross' dismissal.

## ORDER

For the reasons mentioned in the foregoing Opinion, it is hereby ORDERED that the decision of the Public Employees Relations Board, dated April 27, 1995, is VACATED, and this matter is REMANDED with directions to REINSTATE Petitioner forthwith and to award her back pay from February 16, 1995 until such time as she is reinstated.