**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant,**

v.

**Edwin E. HATCHETTE, Appellee.**

**No. CIV.A.1999–047.**

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas.

Jan. 30, 2002.

Maureen Phelan Cormier, Asst. Attorney General, Department of Justice, St. Thomas, VI, for Appellant.

Karl R. Percell, Law Offices of Percell & Hermon–Percell, P.C., St. Thomas, VI, for Appellee.

Before: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, District Judge, District Court of the Virgin Islands; and MARIA M. CABRET, Presiding Judge of the Territorial Court, Division of St. Croix, Sitting by Designation.

## MEMORANDUM OPINION

PER CURIAM.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In March, 1994, Edwin E. Hatchette ["Hatchette"] was employed by the Government of the Virgin Islands ["government"] as the Director of the Treasury, a classified position held by Hatchette since October 1, 1973. Following a reorganization by the government, this position was moved from the classified service to the unclassified or exempt service. After Hatchette refused to sign the election letter moving him to the exempt service, the Commissioner of Finance notified Hatchette via a memorandum dated March 16, 1994, that Hatchette would be relieved of his duties as Director of the Treasury and placed in a comparable classified service position within the Department of Finance effective March 21, 1994. Hatchette did not suffer any reduction in wages or benefits as a result of this action. On March 29, 1994, Hatchette appealed the government's action to the Government Employees Service Commission ["GESC"].[1]

After conducting hearings on May 5 and 19, 1994, the GESC affirmed the government's action, finding that the government's decision to remove Hatchette as Director of the Treasury was lawful be-

---

1. In 1994, the GESC was renamed the Public Employees Relations Board. *See* 3 V.I.C. § 530, History Annotations (citing Act of Sept. 2, 1994, No. 6010, § 2, Sess. L.1994, at 165).

cause Hatchette, as a classified employee, could not hold an exempt position. The GESC directed the Commissioner of Finance to reassign Hatchette to an existing classified position or create a comparable classified position within the Department of Finance and ordered that he suffer "no reduction, loss or change in pay, grade level, seniority, benefit or tenure as a result of his reassignment." (Appendix ["App."] at 170–75 (GESC May 19, 1994 Decision).)

Hatchette petitioned the Territorial Court for a writ of review of the GESC's decision, which was granted by the court. At some point after filing the petition, Hatchette retired from the Department of Finance. (*See* App. at 18, 44, 140.) After receiving the record from the GESC and hearing the arguments of counsel, the Territorial Court reversed the decision of the GESC. (*Id.* at 3–9 (Feb. 3, 1999, decision of the Territorial Court).) The Territorial Court found that the GESC lacked jurisdiction over the matter because it failed to hold a hearing within the thirty days mandated by statute. *See* 3 V.I.C. § 530(b) ("The [GESC] shall meet within 30 days after the filing of the appeal ....."). As a remedy, the Territorial Court directed the government to remove "any and all references, comments, notations and inferences to [Hatchette] being reassigned in his job or employment" from government records, which presumably meant from Hatchette's personnel file. (App. at 8–9.) The government filed this timely appeal.

## II. DISCUSSION

■ The Appellate Division has jurisdiction over this appeal pursuant to 4 V.I.C. § 33 and 5 V.I.C. § 1423. The Court will uphold the trial court's findings of fact unless they are clearly erroneous and exercises plenary review over questions of law. *Id.; Government Employees Ret. Sys. v. Hill,* 866 F.Supp. 880, 882 (D.Virgin Islands 1994); *Stallworth Timber Co. v.*

*Triad Bldg. Supply,* 37 V.I. 49, 52, 968 F.Supp. 279, 281 (D.Virgin Islands 1997); *Nibbs v. Roberts,* 31 V.I. 196, 204 (D.Virgin Islands 1995).

■ In its reply brief, the government for the first time has raised the issue of whether the GESC had jurisdiction to consider Hatchette's appeal because Hatchette did not file it within the ten days required by 3 V.I.C. § 530(a). Section 530(a) provides, in relevant part:

> [W]here a department head ... decides to dismiss, demote, or suspend a regular employee, ... for cause, he shall furnish the employee with a written statement of the charges against him. The employee shall have ten days following the *date of receipt* of said statement of the charges to appeal the proposed action to the [GESC].

(Emphasis added.) The record contains a memorandum to Hatchette dated March 16, 1994, outlining the proposed personnel action to be taken against him. Hatchette supplemented the record following oral argument with a copy of a letter dated March 24, 1994, that he sent to the Commission of Finance. In this letter, Hatchette advises the commissioner that he did not receive the March 16th memorandum until March 21st when he returned to work following a two-week absence from St. Thomas because of a family medical emergency. Accordingly, Hatchette had ten days from March 21st, the date of receipt, in which to file his appeal to the GESC. His filing on March 29th therefore was timely.

■ The GESC nevertheless still lacked jurisdiction because it failed to meet within thirty days after the filing of Hatchette's notice of appeal as is required by statute. The government argues that the GESC did have jurisdiction because it acted within thirty days. In support of its argument, the government points to the

scheduling by the GESC of a hearing and its later decision granting Hatchette an extension of time before proceeding. The applicable statute, however, does not require the GESC to merely act within thirty days; the GESC is required to convene and conduct a hearing within thirty days. 3 V.I.C. § 530(b) ("The Government Employees Service Commission shall meet within 30 days after the filing of the appeal and afford the department head and the employee an opportunity to be heard."). The actions undertaken by the GESC in this matter before the expiration of the thirty days consisted solely of scheduling the hearing and granting an extension of time. This does not satisfy the requirements of section 530(b) and deprived the GESC of jurisdiction to consider Hatchette's appeal.[2] *See Reefer v. Government of the Virgin Islands,* 17 V.I. 373, 377 (D.V.I.1980) ("It defies all credulity to assert that the thirty-day time limit could be satisfied by the mere artifice of scheduling a meeting within the thirty-day time period, and later rescheduling it beyond the thirty-day period.").

▮▮▮ Where the GESC fails to meet within the thirty days mandated by section 530(b), the employee must be "reinstated, with full pa··· to the date of his original dismissal or suspension." *Id.* In this instance, this statutory remedy presents a quandary and the fundamental problem with this action from its inception, namely, there has never been a remedy available to Hatchette.

Hatchette concedes that he did not suffer any reduction, loss or change in pay, grade level seniority, benefits or tenure as a result of the government's actions. Accordingly, he cannot be awarded "full pay, to the date of his original dismissal or suspension." On appeal, Hatchette maintains that because the GESC lacked jurisdiction as a result of its untimely actions, the GESC was required to reinstate him as Director of the Treasury. Under other circumstances, this is exactly what should have occurred once the GESC failed to act within the required time limits. In this instance, however, it simply cannot.

In 1988, at the same time the government undertook a broad reorganization of job functions throughout the executive branch, the Virgin Islands enacted a law prohibiting a classified employee from being moved to the unclassified service unless the classified employee voluntarily consented to such a move:

> No government employee of the Executive branch who holds a position or classification of employment in career or classified service, as referred to in Title 3, Section 451a, VIC, and who is employed within a bargaining unit certified by, or which may become certified by, the Public Employees Relations Board, pursuant to Title 24, Chapter 14, VIC, shall be placed into exempt, unclassified or temporary service, unless and until such employee has filed a written request therefore with the Director of Personnel upon form to be provided by the Director. Such form shall set forth a statement that the request is voluntarily undertaken and it shall contain a verification that such statement is voluntarily undertaken as certified by a witness.

**2.** The government has requested that this Court overturn previous decisions and abandon strict adherence to the 30–day requirement. The government characterizes the previous case law on the subject as creating a "harsh" and "no leeway" rule. The Court rejects the government's argument. The plain language of the statute requires PERB to both meet and provide an opportunity to be heard to the employee and the department head within thirty days after filing of the appeal. Any modification of this timeframe is an issue properly raised to the Legislature, not this Court.

*See* Act of March 24, 1988, No. 5336, § 6(b), Sess. L.1988, at 124 (provided in App. at 193–97). Accordingly, because Hatchette refused to voluntarily move to the unclassified service, he could not legally retain the position of "Director of the Treasury" once that position was redesignated as being part of the unclassified service. Therefore, even though the GESC failed to act within a timely manner as prescribed by statute, Hatchette had no remedy because he never could have been reinstated to a position the law prevented him from holding.

 Similarly concluding that the GESC failed to act in a timely manner, the Territorial Court tried to fashion a remedy by ordering that Hatchette's personnel file be expunged of all references to his removal from the position of Director of the Treasury.[3] The court, however, could only grant that relief which was within the power of the GESC to execute. The GESC, now known as PERB, only has the power to "sustain or reverse the decision of the department head or [it] may reduce the penalty recommended by the department head." 3 V.I.C. § 530(c). The GESC has no authority to expunge personnel records and, therefore, neither did the Territorial Court. *See Branch v. Bryan,* 18 V.I. 54, 58 (D.V.I.1980) ("[T]he GESC has only the powers set forth in 3 V.I.C. § 530(c), which do not include the power to order expungement of personnel records.").

In the absence of any means of granting Hatchette effective relief in this matter, we must dismiss this appeal as moot. *See Church of Scientology v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (The Court must dismiss an appeal as moot if events have occurred which render it impossible for the Court to grant any effective relief to the prevailing party.) The Court, adhering to established appellate adjudication, also will vacate the Territorial Court decision and will remand the matter with directions for the Territorial Court to vacate the GESC ruling. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 71–73, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (finding that, although it has found appeal to be moot, appellate court has jurisdiction to review the authority of the lower court to entertain the suit and appellate court may " 'make such disposition of the whole case as justice may require' ") (internal quotation omitted).

## III. CONCLUSION

Although the GESC, now known as the PERB, failed to timely consider Hatchette's appeal of his removal from the position of Director of the Treasury, there simply is no remedy available to Hatchette. He is not entitled to any monetary compensation because, as he admits, he did not suffer any reduction in pay or other loss of benefits. Most importantly, he could not have been reinstated to the position of Director of the Treasury, an unclassified service position, because he refused to give up his protected status as a classified employee and join the unclassified service. As a matter of law, a classified employee cannot occupy a position

**3.** The Territorial Court fashioned this relief in the context of Hatchette's retirement from government service while the matter was pending. (*See* App. at 8 (Terr. Ct. decision at 6).) If the court could have fashioned " 'some form of meaningful relief,' even if it only partially redresses the grievances of the prevailing party," then Hatchette's appeal would not be moot. *Isidor Paiewonsky Assocs., Inc.* v. Sharp Properties, Inc., 998 F.2d 145, 151 (3d Cir.1993) (quoting *Church of Scientology,* 506 U.S. at 12, 113 S.Ct. 447). As discussed in the text, however, the only relief allowed by statute is reinstatement and payment of any lost wages. As also discussed in the text, *supra,* neither of these remedies was available to Hatchette.

within the unclassified service. Any form of relief beyond compensation and reinstatement also fails because it was and is beyond the statutorily defined powers of the GESC, now PERB. Accordingly, we find that this appeal is moot and will vacate the decision of the Territorial Court dated February 3, 1999, and will remand with directions that the Territorial Court vacate the decision of the GESC. An appropriate order is attached.