**ISLAND BLOCK CORP., Appellant,**

v.

**Mark CUFFY, Appellee.**

**No. Civ.A.1996–148.**

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas.

June 28, 2002.

James M. Derr, St. Thomas, VI, for appellant.

Chris Q. Bottimore, Legal Services of the Virgin Islands, Inc., St. Thomas, VI, for appellee.

Judges of the Appellate Panel, Judges of the Territorial Court, Hon. Geoffrey W. Barnard, Hon. Jeffrey L. Resnick, James M. Derr, Chris Q. Bottimore, Julieann Dimmick, St. Thomas law clerks, St. Croix law clerks.

BEFORE: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, District Judge, District Court of the Virgin Islands; and EDGAR D. ROSS, Judge of the Territorial Court, Division of St. Croix, Sitting by Designation.

## MEMORANDUM OPINION

PER CURIAM.

Island Block appeals the order of the Territorial Court granting Mark Cuffy's ["Cuffy"] petition for a writ to review and reversing the decision of the Department of Labor ["Labor"] which dismissed Cuffy's complaint for wrongful discharge as being untimely filed. For the reasons set forth below, we will vacate the Territorial Court's decision and remand the case to the trial court with directions for it to send it back to the Department of Labor for further proceedings in accòrdance with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 1994, Island Block terminated Cuffy's employment for economic reasons. Island Block notified Cuffy by hand delivery of a letter which advised Cuffy that

> [d]ue to circumstances beyond [Island Block's] control, the economic situation at Island Block deems it necessary to officially give you a lay off. This will be effective Monday, May 9, 1994, at Noon.
>
> If at any time in the future business picks up, we will call you back.

(Appendix F, Ex. A.) Cuffy, appearing *pro se*, filed a Complaint of Wrongful Discharge with Labor on September 30, 1994.

(Appendix A.) In his complaint, Cuffy alleged that he "recently" noticed that while other Island Block employees had been recalled to work, he had not. According to Cuffy, when he asked an Island Block manager when he would return to work, the manager advised Cuffy that he would not be rehired. This communication allegedly prompted Cuffy to file his wrongful discharge complaint with Labor.

Although it scheduled a hearing on the matter for November 28, 1994, Labor never conducted a hearing or received any evidence in this matter. Instead, on November 23, 1994, Labor granted Island Block's motion to dismiss on the ground that Cuffy's complaint was untimely filed. Although Labor did not specify which date it found that Cuffy had received notice of his termination (Appendix H.), it nevertheless ruled that his complaint was filed more than thirty days after the alleged wrongful discharge, the statutory deadline imposed by the Virgin Islands Wrongful Discharge Act, *see* V.I.Code Ann. tit. 24, § 77(a). On December 9, 1994, Cuffy filed a handwritten note with Labor requesting a writ of review and stating that he had only received on December 6th Labor's November 23rd decision. Labor did not act on Cuffy's filing.

On April 16, 1995, Cuffy, then represented by Legal Services of the Virgin Islands, Inc. ["Legal Services"], filed with Labor a motion characterizing Cuffy's handwritten document as a request for reconsideration of Labor's November 23rd decision and moved to supplement Cuffy's initial filing. In a one-sentence order dated September 13, 1995, Labor denied Cuffy's motion for reconsideration. (Appendix N.) Cuffy then filed his petition in Territorial Court on October 17, 1995, requesting the court to review Labor's decision dismissing Cuffy's wrongful discharge complaint and to issue a writ reversing Labor's decision. (Appendix O.) In his petition, Cuffy argued that he was terminated from his employment with Island Block on or about September 29, 1994, when he learned that Island Block had hired someone else to fill his position, and not on May 9, 1994, when he was initially laid off from his job. Accordingly, Cuffy's wrongful discharge complaint filed with Labor on September 30th was well within the thirty-day time limit imposed by the Wrongful Discharge Act. Cuffy further argued that Labor had failed to conduct an evidentiary hearing to determine Cuffy's actual date of termination.

Island Block challenged Cuffy's petition as untimely because it was filed almost one year after Labor issued its November, 1994, decision dismissing Cuffy's complaint. The trial court rejected Island Block's arguments and granted Cuffy's petition for writ of review by order dated November 15, 1995. (Appendix Q.) The court also directed the Commissioner of the Virgin Islands Department of Labor to file a transcript of "the record of proceedings including the pleadings and testimony upon which the Decision and Order were entered and the Findings and Order of the Virgin Islands Department of Labor." (*Id.*)

On March 26, 1996, the trial judge held a non-evidentiary hearing, and, on April 15, 1996, reversed Labor's decision dismissing Cuffy's complaint as untimely filed, finding that Labor erroneously determined Cuffy was terminated on May 9, 1994. The judge ruled that Cuffy was terminated on September 29, 1994, when he received actual notice of his termination, rendering timely his complaint filed one day later on September 30th. Island Block has appealed this decision.

## II. DISCUSSION

█ This Court has jurisdiction to review the judgments and orders of the Territorial Court in all civil cases. 4 V.I.C. § 33. We review the Territorial Court's

findings of fact under a clearly erroneous standard and subject its conclusions of law to plenary review. *See Government of the Virgin Islands v. Hatchette*, 182 F.Supp.2d 468, 470 (D.V.I.2002); *see also* 5 V.I.C. § 1423 (same standards of review apply to review of writ of review as are applied in civil cases).

■ The first question we must resolve is whether the Territorial Court had jurisdiction to consider Cuffy's petition for a writ of review. Island Block argues the Territorial Court lacked jurisdiction to consider the petition because it was untimely filed, citing an outdated rule: V.I.CODE ANN. tit. 5, App. V, Rule 11, which used to require that petitions for writ of review be filed "within thirty days after the date of the decision or determination complained of." These former rules of the District Court, including Rule 11 dealing with writs of review, ceased to have any legal effect in 1991 when all local civil jurisdiction was transferred by the Legislature from the District Court of the Virgin Islands to the Territorial Court. Accordingly, the rule Island Block relied on has been null and void since 1991, and there was no similar rule of the Territorial Court in effect until 1996, well after Cuffy's filing with Labor and the Territorial Court.[1] Further, the Virgin Islands Code sections addressing writs of review do not provide a time limit for filing a petition for writ of review. *See* 5 V.I.C. § 1421–23.

In the absence of a court or statutory rule, we find that there was no specific time limit for filing a petition for writ of review in 1994–95. Accordingly, we rule that Cuffy's petition for a writ of review was timely filed and the Territorial Court had jurisdiction to consider it.

■ The second question is whether the Territorial Court judge erred in reversing Labor's decision dismissing Cuffy's administrative complaint as untimely filed. For this Court to be able to review the trial judge's factual finding, however, there must have been an administrative record containing facts upon which the judge could assess Labor's factual findings. We have been presented with no record of any administrative evidentiary hearing. From the beginning of this matter when Cuffy filed his complaint with Labor on September 30, 1994, to the present time, no tribunal has taken or heard competent evidence upon which to assess either party's assertions. The administrative law judges of the Department of Labor who rendered the November, 1994, order and the September, 1995, order, respectively, did not hear any evidence before rendering their decisions. A *fortiori*, neither the November, 1994 order or the September, 1995, order include any findings of fact—there was simply no record before either administrative law judge on which they could make a finding of fact.

Similarly, and unfortunately, there is no evidentiary support in the record to support the trial judge's findings, which renders the factual findings of the Territorial Court clearly erroneous. The evidence does not support the court's findings of facts because there was no evidence in the record. *Compare Poleon v. Government of the Virgin Islands*, 184 F.Supp.2d 428, 433 (D.V.I.2001) (upholding findings of fact because evidence supported trial court's decision). In essence, there was nothing for the Territorial Court to review and it should have remanded the case to the Department of Labor for an evidentiary hearing.

---

1. Since 1998, Rule 15 of the Territorial Court Rules has required that a petition for writ of review "shall be filed within 30 days after the date of the decision or determination complained of." *See* TERR.CT.R. 15 (added May 12, 1998.)

## III. CONCLUSION

We find that the Territorial Court had jurisdiction to consider and grant Cuffy's petition for writ of review. We, however, will vacate the Territorial Court's decision reversing the decision of the Department of Labor that dismissed Cuffy's complaint as untimely filed. The Department of Labor took no evidence before rendering its decisions and utterly failed to include any evidentiary basis for the findings of fact in its orders of November, 1994, and September, 1995. We cannot uphold the Territorial Court's factual findings because they, too, were based solely on the pleadings before Labor and the arguments of the parties and not on any competent evidence. Accordingly, we will vacate the decision of the Territorial Court that reversed the decision of the Department of Labor dismissing Cuffy's wrongful discharge complaint. We will remand the matter to the Territorial Court and direct that it, in turn, remand the matter to the Department of Labor for further proceedings in accordance with this memorandum. An appropriate order is attached.

### ORDER

For the reasons set forth in the accompanying memorandum of even date, it is hereby

**ORDERED** that the order entered by the Territorial Court on April 15, 1996, is **REVERSED.** It is further

**ORDERED** that this matter is **REMANDED** to the Territorial Court for it to **REMAND** the matter to the Department of Labor for further proceedings in accordance with the accompanying memorandum of even date.